TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS
Assistant United States Attorney
Chief, Environmental Crimes and Consumer Protection Section
DENNIS MITCHELL (Cal. Bar No. 116039)
Assistant United States Attorney
Deputy Chief, Environmental Crimes and Consumer Protection Section
1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3359/2484
E-mail: mark.williams6@usdoj.gov
dennis.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY YING,<br><br>Defendant. | No. CR 25-687-JFW<br><br><u>GOVERNMENT'S POSITION RE RESTITUTION FOR THEFT OF NON-CULTURAL HERITAGE RESOURCES</u> |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central

District of California, hereby submits Government's Position Re Restitution for Theft of Non-Cultural Heritage Resources.

Dated: October 7, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division

/s/
DENNIS MITCHELL
MARK A. WILLIAMS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. RESITUTION MAY BE AWARDED FOR LOSSES CAUSED BY DEFENDANT'S ACTS THAT CONSTITUTE RELEVANT CONDUCT

In defendant's portion of the parties' Joint Status Report Re Restitution, defendant asserts that restitution cannot be awarded for defendant's theft of works that were not cultural heritage resources. However, defendant entered into a plea agreement which provides, in relevant part at paragraph 14:

> Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the court to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

Based on the language cited above, defendant agreed to pay restitution to victim UCLA, for both those works that constitute cultural heritage resources, as well as those works that defendant stole as part of his scheme to steal Chinese manuscripts from UCLA. See Title 18, United States Code, Section 3663(a)(3).